UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| AHMAL BREHAUT,<br><br>        Plaintiff,<br><br>    v.<br><br>GROTH ASSOCIATION MANAGEMENT, NEVADA COMMUNITY MANAGEMENT LLC, PERFORMANCE CAM LLC, and SEA BREEZE MANAGEMENT COMPANY INC.,<br><br>        Defendants. | Case No. 2:26-cv-01047-APG-EJY<br><br>**ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Also pending is Plaintiff's Motion seeking appointment of *pro bono* counsel. ECF No. 1-4. Plaintiff's IFP application is complete and granted. However, Plaintiff fails to state a claim cognizable under federal law or the U.S. Constitution. Thus, the Court recommends his Complaint be dismissed without prejudice, but without leave to amend in federal court. To the extent Plaintiff alleges harm caused by his homeowners' association ("HOA") or related entities, he may be able to pursue claims in state court. Plaintiff's Motion seeking appointment of counsel is denied because his claim cannot proceed in this Court.

**I.    Screening Standard**

The Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). In screening the Complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, Plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construe pro se complaints and may only dismiss them "if it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether Plaintiff's Complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint

Plaintiff asserts claims against Groth Association Management, Nevada Community Management LLC, Performance Cam LLC, and Sea Breeze Management Company Inc. ECF No. 1-1 at 2-3. A review of the Complaint reveals that all of the allegations raised relate to Plaintiff's speech and expression in and about the community in which he lives. *Id*. 5, 7. It is the actions or inactions taken by the HOA and related entities that Plaintiff says impede his First Amendment rights. *Id*. Plaintiff contends he is blocked from "the Community Facebook page"; his requests and communications at HOA meetings are ignored and laughed at; he was forced by the HOA to take down his Navy flag; he has been threatened with fines for violation of the CC&Rs[1]; his requests to alter the CC&Rs were ignored; and he sent an email to Performance Cam regarding a contract that violates his First Amendment rights. *Id*.

---

[1]    CC&R generally stands for covenants, conditions, and restrictions imposed by a homeowners' association on the residents of an identified community.

**III.    Discussion**

Plaintiff brings his claim under 42 U.S.C. § 1983 alleging violation of his First Amendment rights.  To state such a claim, Plaintiff must allege the defendants "(1) deprived … [him] of a right secured by the Constitution, and (2) acted under color of state law." *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989) (citing *West v. Atkins,* 487 U.S. 42 (1988) and 42 U.S.C. § 1983). "The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). "[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)) (emphasis in original).  "Under § 1983, a claim may lie against a private party who 'is a willful participant in joint action with the State or its agents.  Private persons, jointly engaged with state officials in the challenged action, are acting under color of law for purposes of § 1983 actions.'" *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)) (some internal quote marks removed).  "[A] bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege 'facts tending to show that [the private party] acted 'under color of state law or authority.'" *Id.* (quoting *Sykes v. State of Cal.*, 497 F.2d 197, 202 (9th Cir. 1974)); *see also Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008)).

More specifically, and applicable to Plaintiff's Complaint, private parties are generally not bound by the First Amendment unless those parties have acted "in concert" with the state "in effecting a particular deprivation of constitutional right." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (internal citations omitted).  Joint action exists where the government either "(1) affirms, authorizes, encourages, or facilitates unconstitutional conduct through its involvement with a private party, or (2) otherwise has so far insinuated itself into a position of interdependence with the non-governmental party that it is recognized as a joint participant in the challenged activity." *Belgau v. Inslee*, 975 F.3d 940, 947 (9th Cir. 2020) (quoting *Ohno v. Yuko*

*Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013)) (some internal quotation marks omitted).  Here, under any applicable test, no government involvement is present.

Plaintiff complains about purely private actors engaged in conduct that impeded his ability to fly a flag based on community CC&Rs, threats of fines for violations of those CC&Rs, and non-responsiveness to complaints about these events and related activity.  The Defendants are all private parties acting in private capacities with respect to an HOA.  Whether those private parties are acting in accordance with HOA's CC&Rs, or have violated or exceeded their authority, does not implicate state government action that affirms, authorizes, encourages or facilitates the conduct complained of.  Plaintiff alleges no fact that state government has insinuated itself into a position of interdependence with the Defendants Plaintiff seeks to sue.  Further, Plaintiff's allegations demonstrate that there are no facts he can allege that would cure the failure to demonstrate joint action with state government.  Thus, Plaintiff has not stated a violation of the First Amendment that can be pursued through a federal civil rights complaint.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint, ECF No. 1-1 be filed on the docket.

**V.    Recommendations**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DENIED without prejudice, but without leave to amend in federal court.  Dismissal without prejudice allows Plaintiff to proceed, if he so chooses, under state law in the Eighth Judicial District Court.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion seeking appointment of *pro bono* counsel (ECF No. 1-4) be DENIED.

Dated this 8th day of May, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).